WILCOXEN MANUFACTURING COMPANY, plaintiff in error, *vs.* BOHANAN & MORGAN, defendants in error.

1. A letter from the book-keeper of a manufacturing company to the defendants, without further proof of his authority, is inadmissible to show that the goods of said company were not sold to the defendants, but sent to them on consignment.

2. The evidence being conflicting, a new trial will not be ordered.

Principal and agent. New trial. Before Judge BUCHANAN. Campbell Superior Court. February Term, 1874.

For the facts of this case, see the decision.

DOUGLASS & TURNER, for plaintiff in error.

No appearance for defendants.

WARNER, Chief Justice.

·This was a suit instituted by the plaintiff, in a justice's court, against the defendants, on an account for one bale of cotton yarns, of the value of $100 00. The defendants alleged in their plea to the plaintiff's suit against them, that they never purchased the cotton yarns from the plaintiff as charged in its bill of particulars, but received the same to sell for plaintiff on consignment, and that said yarns were destroyed by fire by the burning of their store-house in the town of Palmetto, without any neglect or carelessness on the part of defendants. An appeal was taken from the decision of the justice's court to the superior court, and on the trial of the appeal in the last named court, the jury found a verdict

for the plaintiff for the sum of $11 40. The plaintiff made a motion for a new trial on two grounds: 1st. Because the court erred in admitting in evidence the contents of a letter of one Randall against the plaintiff. 2d. Because the verdict was contrary to the evidence, and decidedly against the weight the appointment of the receiver: of the evidence. The motion for a new trial was overruled, and the plaintiff excepted. The main question in issue between the parties at the trial was, whether the bale of yarns was sold by the plaintiff to the defendants, or sent to them to be sold on consignment for and on account of the plaintiff. On this point in the case the evidence in the record is conflicting. In the letter of one of the defendants ordering the yarns, nothing is said about ordering the same to be sent to the defendants to be sold by them on commission or consignment. In proving the contents of the Randall letter, one of the defendants stated that the letter said "that we must make the yarns net the company $1 75 per bunch." The loss or destruction of that letter was not shown by the evidence contained in the record, so as to authorize the contents thereof to have been proved at the trial. Besides, it was not shown that Randall was the authorized agent of plaintiff to sell cotton yarns, or to forward the same to defendants or other persons, to be sold on commission or consignment. It only appears from the record that Randall was the book-keeper of the plaintiff. Whether the letter was sent with the yarns, or when it was written, does not appear. In our judgment, the court erred in allowing the defendants to give in evidence the contents of the Randall letter against the plaintiff, on the statement of facts disclosed in the record. The evidence being conflicting, according to the uniform rulings of this court, we should not have interfered with the verdict on the ground that it was contrary to the evidence.

Let the judgment of the court below be reversed.